Sarah Shapero (Bar No. 281748)
Dario Puccini (Bar No. 336466)
SHAPERO LAW FIRM
100 Pine St., Ste. 530
San Francisco, CA 94111
Telephone:   (415) 273-3504
Facsimile:    (415) 273-3508

Attorney for Plaintiff,
BELINDA CARRILLO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BELINDA CARRILLO, an individual; | Case No.: 2:23-cv-1140 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | 1. Violation of Cal. Civ. Code § 2923.6 |
| NEWREZ LLC DBA, SHELLPOINT MORTGAGE SERVICING; US BANK TRUST NA, AS OWNER TRUSTEE FOR VRMTG ASSET TRUST; and DOES 1-50, inclusive | 2. Violation of Cal. Civ. Code § 2923.7 |
| Defendants. | 3. Unfair Business Practices |
| | **DEMAND FOR JURY TRIAL** |

**PRELIMINARY ALLEGATIONS**

1.      Plaintiff submitted a loan modification application and never received notice of Defendant's decision before the recording of a Notice of Trustee's Sale.  This lawsuit follows.

**JURISDICTION AND VENUE**

2.      This is an action asserting violations of California State Law.  These claims arise out of the same controversy or sequence of events. Plaintiff is a homeowner who brings this action as result of Defendants' unlawful conduct concerning the mortgage loan secured by the property located at 1732 Baldwin Place, Montebello, California 90640 (hereinafter the "Property").  Plaintiff is domiciled in California and Defendant is domiciled in Pennsylvania.  The amount in controversy exceeds $75,000.000 as the amount of damages sought in connection with Plaintiff's

statutory violations.  This Court has subject matter jurisdiction over this case through diversity jurisdiction.

3.     Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the County of Los Angeles.

4.     The court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

**PARTIES**

5.     At all times mentioned herein, Plaintiff BELINDA CARRILLO, disabled Vietnam Veteran, is the owner of the Property located at 1732 Baldwin Place, Montebello, California 90640.

6.     At all times mentioned herein, Plaintiff is informed and believes and therefore alleges that NEWREZ LLC DBA, SHELLPOINT MORTGAGE SERVICING (hereinafter "SHELLPOINT") is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the servicer of Plaintiff's loan during the operative time period herein. Plaintiff is informed and believes and thereon alleges that SHELLPOINT regularly conducts business in the State of California.

7.     At all times mentioned herein, Plaintiff is informed and believes and therefore alleges that US BANK TRUST NA, AS OWNER TRUSTEE FOR VRMTG ASSET TRUST (hereinafter "US BANK") is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the servicer of Plaintiff's loan during the operative time period herein. Plaintiff is informed and believes and thereon alleges that US BANK regularly conducts business in the State of California.

8.     Plaintiff is unaware of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiff will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiffs have complained herein.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**AGENCY ALLEGATIONS**

9.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each remaining Defendant.  Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest.  Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

**STATEMENT OF FACTS**

10.     Plaintiff BELINDA CARRILLO ("Plaintiff") is the current owner of the Property located at 1732 Baldwin Place, Montebello, California 90640.

11.     Plaintiff is currently litigating a case in this Court regarding this loan against her previous owner and servicer Wells Fargo (Case No: 2:22-cv-03985-MWF-AFM).

12.     On December 20, 2022, Plaintiff received a Notice of Saale of Ownership of Mortgage Loan which informed Plaintiff that her mortgage loan was now owned by US Bank and serviced by Shellpoint.

13.      On January 17, 2023, Plaintiff received a Default Notice informing her that her mortgage loan was in default.

14.     On January 19, 2023, Defendant Shellpoint caused the Notice of Trustee's Sale to be recorded with the Los Angeles County Recorder's Office, document number 20230039218.

15.     On January 31, 2023, Plaintiff received a Notice to Trustee's Sale, noting a Trustee's Sale scheduled for February 23, 2023.

16.     On February 13, 2023, Plaintiff, turned in a loan modification application to Defendant.

17.     On February 15, 2023, Defendant responded to Plaintiff's application requesting additional documents.

18.     That same day on February 15, 2023, Plaintiff turned in every document Defendant requested, completing her loan modification application.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

19.     Despite having Plaintiff's complete loan modification application pending, Defendant still

has a Trustee's Sale scheduled for February 23, 2023.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2923.6**
**(Against All Defendants)**

20.     Plaintiffs incorporate all allegations of this complaint and re-alleges them as though they

were fully set forth herein.

21.     Defendant violated § 2923.6(c) of the California Civil Code which provides that "[i]f a

borrower submits a complete application for a first lien loan modification offered by, or through,

the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or

authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale,

while the complete first lien loan modification application is pending. A mortgage servicer, a

mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of

default or notice of sale or conduct a trustee's sale until any of the following occur:

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

California Civil Code § 2923.6(c).

22.     Pursuant to § 2923.6(d) of the California Civil Code: "If the borrower's application for a

first lien loan modification is denied, the borrower shall have at least 30 days from the date of the

written denial to appeal the denial and to provide evidence that the mortgage servicer's

determination was in error."

23.     At all times relevant, Plaintiffs are owners of the Property and resided therein as his

primary and principal residence, thus were borrowers within the meaning of the statute.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

24. On December 20, 2022, Plaintiff received a Notice of Saale of Ownership of Mortgage Loan which informed Plaintiff that her mortgage loan was now owned by US Bank and serviced by Shellpoint.

25. On January 17, 2023, Plaintiff received a Default Notice informing her that her mortgage loan was in default.

26. On January 19, 2023, Defendant Shellpoint caused the Notice of Trustee's Sale to be recorded with the Los Angeles County Recorder's Office, document number 20230039218.

27. On January 31, 2023, Plaintiff received a Notice to Trustee's Sale, noting a Trustee's Sale scheduled for February 23, 2023.

28. On February 13, 2023, Plaintiff, turned in a loan modification application to Defendant.

29. On February 15, 2023, Defendant responded to Plaintiff's application requesting additional documents.

30. That same day on February 15, 2023, Plaintiff turned in every document Defendant requested, completing her loan modification application.

31. Despite having Plaintiff's complete loan modification application pending, Defendant still has a Trustee's Sale scheduled for February 23, 2023.

32. By moving forward with the foreclosure process against Plaintiff's property while a complete loan modification application is pending, Defendant violated Cal. Civ. Code § 2923.6. Pursuant to Civil Code § 2924.12, Plaintiffs are entitled to injunctive relief for the material violation and attorney's fees.

**SECOND CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2923.7**
**(Against All Defendants)**

33. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

34. California Civil Code § 2923.7(b) requires that a single point of contact [SPOC], among other things, to coordinate the receipt of all documents associated with available foreclosure prevention alternatives and notify the borrower of any missing documents necessary to complete the application; to ensure that a borrower is considered for all foreclosure prevention alternatives

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

offered by, or through, the mortgage servicer; to have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative; and have access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

35.    Defendant violated California Civil Code § 2923.7(b) by failing to provide Plaintiff with a single point of contact who could carry out all of their statutory duties.

36.    Plaintiff's communication with Defendant was mostly with Shellpoint Loss Mitigation Specialist Angela Collins-Lewis who failed to perform their statutory duties.

37.    Plaintiff's alleged SPOC failed to ensure that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, and to have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative because Defendant is attempting to sell Plaintiff's home while her loan modification application is pending.

38.    Plaintiff's alleged SPOC failed to have access to individuals with the ability and authority to stop foreclosure proceedings when necessary because Defendant has failed to postpone the Trustee's Sale scheduled for February 23, 2023, despite Plaintiff having a complete loan modification application pending review.

39.    Defendant's violations of California Civil Code § 2923.7, entitles Plaintiff to actual damages, as well as attorney's fees.  Cal. Civ. Code § 2924.12(h).  In addition, because Defendant's conduct was intentional, willful, or reckless, Plaintiff is entitled to the greater of the treble actual damages or statutory damages of fifty thousand dollars pursuant to California Civil Code § 2924.12(b).

**THIRD CAUSE OF ACTION**
**Violation of Business and Professions Code Section 17200 *et seq.***
**(Against All Defendants)**

40.    Plaintiffs incorporate all allegations of this complaint and re-alleges them as though they were fully set forth herein.

41.    Defendants' conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

42.     Specifically, Defendants' violations of California Civil Code §§ 2923.6 and 2923.7 et seq. constitute unfair business practices in violation of California Business and Professions Code § 17200 et seq.

43.     As a result of Defendants' wrongful conduct, Plaintiffs has suffered various injuries according to proof at trial, including but not limited to the imminent loss of property.

44.     Plaintiffs seek injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

45.     Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

[Remainder of Page Intentionally Left Blank]

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## **<u>DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES</u>**

WHEREFORE, Plaintiff BELINDA CARRILLO demands a trial by jury. Plaintiff prays for judgment and order against Defendants, as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2. For damages, disgorgement, and injunctive relief;

3. For compensatory damages, attorneys' fees, and costs according to proof at trial;

4. For declaratory relief;

5. For exemplary damages in an amount sufficient to punish Defendant's wrongful conduct and deter future misconduct;

6. For such other and further relief as the Court may deem just and proper.

DATED: February 15, 2023    Respectfully submitted,

             SHAPERO LAW FIRM

             */s/ Sarah Shapero*

             Sarah Shapero
             Dario Puccini
             Attorneys for Plaintiff
             BELINDA CARRILLO

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF